■ In the Matter of OMNI RECYCLING OF WESTBURY, INC., Appellant, v TOWN OF OYSTER BAY et al., Respondents. [837 NYS2d 317]—

In a proceeding pursuant to CPLR article 78 to annul resolution No. 199-2005 of the Town Board of the Town of Oyster Bay dated March 8, 2005, which authorized the Town of Oyster Bay to enter into contract No. DPW 05-909 with Giove Company, Inc., and to compel the Town of Oyster Bay to award that contract to the petitioner, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated February 10, 2006, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul resolution No. 199-2005 of the Town Board of the Town of Oyster Bay, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, with one bill of costs to the petitioner, and resolution No. 199-2005 of the Town Board of the Town of Oyster Bay and contract No. DPW 05-909 between the Town of Oyster Bay and Giove Company, Inc., are annulled.

In May 2004 the Town of Oyster Bay delivered a "Request For Proposals For Vendor Services" (hereinafter the RFP) to nine companies, including the petitioner and Giove Company, Inc. (hereinafter Giove), seeking proposals, inter alia, for the recycling of newspaper, mixed paper, and corrugated cardboard for a five-year contract period beginning August 1, 2004. The Town did not publicly advertise a request for sealed bids pursuant to General Municipal Law § 103.

In response to the RFP, the Town received five proposals, and eventually selected the petitioner and Giove as the two "finalists," asking each to submit their "best offer." The Town Board of the Town of Oyster Bay (hereinafter the Town Board) thereafter passed resolution No. 199-2005, awarding contract No. DPW 05-909 (hereinafter the contract) to Giove.

The petitioner commenced this CPLR article 78 proceeding to annul the subject resolution, and to compel the Town to award the contract to it instead of to Giove. The Supreme Court denied the petition. We now modify by granting the petition to the extent indicated.

General Municipal Law § 103 provides, in relevant part: "Except as otherwise expressly provided by an act of the

legislature . . . all contracts for public work involving an expenditure of more than twenty thousand dollars . . . shall be awarded by the appropriate officer, board or agency of a political subdivision . . . to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section."

In *Matter of Signacon Controls v Mulroy* (32 NY2d 410, 416 [1973]), the Court of Appeals held that "[a] contract which provides for a lesser income to the governmental unit than a competing contract might provide, is an 'expenditure' within the meaning of section 103" (*see Matter of Citiwide News v New York City Tr. Auth.*, 62 NY2d 464, 471 [1984]).

Here, the RFP stated that the Town anticipated an annual revenue of $475,000 from the recycling of newspaper, mixed paper, and corrugated cardboard, based on an estimated volume of 17,280 tons yearly, yielding an anticipated revenue of approximately $27.49 per ton of recycled material. The Town's own projections show that a modest increase of only $0.23 per ton, over the anticipated price of the recycled material, would generate $20,000 in additional revenue to the Town over the five-year term of the contract. While it is possible that the agreement with Giove in this case represents the best possible agreement, we have no real way of knowing that, absent compliance with General Municipal Law § 103 (*see Matter of Signacon Controls v Mulroy, supra* at 416). In light of the considerable amounts involved, we find that the Town was required, under the circumstances presented, to procure the subject contract in compliance with General Municipal Law § 103 (*see Matter of Signacon Controls v Mulroy, supra* at 416), and that the petition, therefore, should have been granted to the extent of annulling resolution No. 199-2005 and contract No. DPW 05-909.

For the same reason, the petitioner cannot compel the Town to award the contract to it in the absence of the Town's compliance with General Municipal Law § 103, and that branch of the petition seeking that relief was thus properly denied.

The petitioner's remaining contentions are without merit. Fisher, J.P., Covello, Balkin and McCarthy, JJ., concur.